Statement of the Case.

ELLIOT MARTIN, Respondent, *v.* ZELOTUS J. WOOD, Appellant.

*N. Y. Supreme Court, Fourth Department, General Term, May* 12, 1889.

1. *Evidence. Credibility.*—Evidence offered with a view of showing that the ticket voted by witness, was blasphemous, and as affecting his credibility, is within the discretion of the trial court, and such discretion is properly exercised in its exclusion.

2. *Same. Value of services.*—In an action to recover for the loss of services of plaintiff's child, and expenses in her care and treatment, the value of the services of plaintiff's wife in the care of the injured child, is admissible in evidence.

3. *Same. Physician.*—The testimony of the attending physician as to the complaints of the child, when he made, by manipulation, a personal examination of the injured parts, during her illness, is proper.

4. *Contributory negligence.*—The point as to contributory negligence, if raised only on motion for a nonsuit, is not available if, in one phase of the case, it does not apply.

Appeal from a judgment entered upon a verdict, and from an order denying a motion for a new trial, made upon a case containing exceptions.

It is alleged in the complaint that the plaintiff, on the 2d March, 1881, was driving in the highway with his team and cutter, carrying his two minor children to school; that the defendant was at the same time driving a horse and cutter along the same highway in the rear of plaintiff; that the defendant carelessly, negligently and willfully, and with intent to injure the plaintiff and his children, drove his horse and cutter upon and against the cutter of the plaintiff and injured one of his children so that she was, for a long time, sick. The plaintiff claims to recover for loss of services of the child and for expenses in her care and treatment.

*W. J. Palmer*, for appellant.

*James A. Lynes*, for respondent.

MERWIN, J.—A witness for plaintiff was asked, upon his cross-examination, to look at a paper, and was then asked: " Did you vote a ticket like that ? " Answer: " I didn't vote that ticket." Question : " Is that a copy ? " This was objected to by plaintiff's counsel : that under our laws a man has a right to vote as he pleases; that right can't be called in question in any collateral matter. The evidence was offered with a view of showing that the ticket voted by witness, at town meeting, was blasphemous, and as affecting the credibility of the witness, and was excluded. The propriety of this ruling is fully discussed by Mr. Justice VANN, in his opinion upon the motion at special term (reported in 18 N. Y. State Rep. 274).

We agree with him that the ruling was correct.

The trial court had a discretion in the matter and it was properly exercised.

The evidence of the value of the services of the wife of the plaintiff in the care of the injured child was properly received. The loss of the plaintiff in that regard was a part of his damage in the matter, and no objection was taken that it was not specifically stated in the complaint. Uertz *v.* Singer Manufacturing Co., 35 Hun, 116.

The evidence of the attending physician, of the complaints of the child, when he made, by manipulation, a personal examination of the injured parts, was proper. It was during her illness and in the line of his professional attendance. Roche *v.* Brooklyn City and N. R. R. Co., 105 N. Y. 295 ; 7 N. Y. State Rep. 361.

The question of contributory negligence was, under all the circumstances of the case, for the jury. There was in the case, as given to the jury, an element of willful injury to which, as charged by the court, the theory of contribu-

tory negligence did not apply. The charge was not excepted to. The point as to contributory negligence was only raised on motion for nonsuit and would not then be available if in one phase of the case it didn't apply.

It follows that the judgment and order should be affirmed.